CIVIL SUIT NO. 247,883
DIVISION " F "

| | |
|---|---|
| PATRICK V. LEAUMONT | 9TH JUDICIAL DISTRICT COURT |
| VERSUS | PARISH OF RAPIDES |
| CITY OF ALEXANDRIA | STATE OF LOUISIANA |

### PETITION

The petition of **PATRICK V. LEAUMONT**, a person of the full age of majority and domiciled in Rapides Parish, Louisiana, respectfully represents that:

1.

Made defendant herein :

a) **CITY OF ALEXANDRIA**, a municipal corporation existing under and by virtue of the Constitution and laws of the State of Louisiana (hereinafter referred to as "City").

2.

Petitioner shows he has been employed by defendant City for a period of twenty (20) years as Transit Manager, City of Alexandria Bus Department.

3.

On or about July 10, 2012, petitioner was notified that he was to undergo a random drug test that day pursuant to the City of Alexandria Substance Abuse Policy.

4.

On the day prior to his notification, in addition to his normal work hours (5:30 a.m. to 2:00 p.m.), petitioner also worked the shift (2:00 p.m. to 10:30 p.m.) of an employee he supervised who was off due to the death of his father.

5.

On July 10, 2012, petitioner reported to work at 4:55 a.m. and after assisting his staff in counting the fare money taken in by the bus department the day before, petitioner went home to lunch and rest prior to returning to work to check on the night crew of the bus department. While at home, petitioner fell asleep until he awoke after 4:35 p.m. Petitioner returned to work to check on the night crew of the bus department until approximately 8:00 p.m. when he returned home.

**EXHIBIT A.**

6.

On July 11, 2012, petitioner reported to work at his usual time and shortly thereafter, realized that he had forgotten to take his random drug test the day before. He immediately notified an employee of the City Personnel Department and arrangements were made for petitioner to take the drug test at LOHS, the drug testing facility for the City. The test petitioner took at that time was rendered negative.

7.

On or about July 12, 2012, petitioner was served with a letter from Ms. Alainna Mire, Director of Human Resources for the City of Alexandria advising that he was being removed from any safety sensitive duties as a result of his "refusal to test" which was in direct violation of federal regulations, thus disqualifying him from performing any safety sensitive duties, including, but not limited to, controlling dispatch and movement of any revenue service vehicles.

8.

Petitioner shows that he was advised by Ms. Mire's letter that he would become eligible for reinstatement to perform safety sensitive duties only after he had met the following conditions:

1. Evaluated by a Substance Abuse Professional; and
2. Upon being deemed eligible to return to work, to provide a negative drug test sample.

Until all these requirements were met, petitioner would not be eligible to perform Department of Transportation sensitive duties for the City.

9.

Petitioner shows that the City Substance Abuse Policy provides that "an employee who refuses to submit to a substance screen as required by this Policy, shall be deemed to have a positive test result." Additionally, "refusing, impeding, or delaying any drug or alcohol test" is considered a refusal to test as well as "failing to cooperate with any part of the testing process."

10.

Petitioner shows that he complied with the conditions contained in Ms. Mire's letter by being evaluated by a Substance Abuse Professional at his expense and passing the return to work drug test on July 27, 2012.

11.

As a result of all of the above, petitioner shows that he has been erroneously regarded by the City as an individual engaging in illegal use of drugs when, in truth and fact, that was not the case.

12.

Petitioner further shows that on or about May 4, 2013, his Performance Evaluation by the City noted that he had failed to take the random drug test when called upon to do so during that particular evaluation period.

13.

Petitioner shows that all of the above actions by the City are a violation of LSA-R.S. 23:322 & 323 and for 42 USC §12101, et seq., particularly §12114.

14.

As a result of the above, petitioner used sick leave in the amount of seventeen (17) days from July 12th to August 3rd in the amount of $3,908.64. In addition, petitioner was required to pay the expenses for the Substance Abuse Professional evaluation and testing as required by the City.

15.

Petitioner seeks damages for the inconvenience, time and expenses he incurred as well as the mental anguish, anxiety, humiliation embarrassment as a result of the City's actions in this matter, as well as reasonable attorney fees and costs.

16.

Petitioner also seeks a mandatory injunction requiring the City to expunge from all of petitioner's personnel records any and all reference to the random drug test scheduled for July 10, 2012 that he inadvertently missed.

WHEREFORE, petitioner prays that:

1. Defendant be served with a copy of this Petition and be duly cited to appear and answer same within the time prescribed by law;

2. After due proceedings had, there be judgment herein in favor of petitioner **PATRICK V. LEAUMONT** and against the defendant, **CITY OF ALEXANDRIA**, ordering the City of Alexandria to delete any and all reference to the random drug test petitioner was scheduled to take on July 10, 2012, including any reference to petitioner's alleged "refusal to submit to a drug test" and he be reimbursed the expenses he incurred and he be awarded compensatory damages that are reasonable in the premises and reasonable attorney fees and costs as provided by law; and

4. For full, general and equitable relief.

Respectfully submitted:

BROUSSARD, HALCOMB & VIZZIER

BY: _____
DANIEL E. BROUSSARD, JR., #3510
912 Fifth Street
Post Office Box 1311
Alexandria, Louisiana 71301
TELEPHONE: (318) 487-4589

ATTORNEYS FOR PETITIONER

PLEASE SERVE:

Please withhold service until further notice.