UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| **PATRICK V. LEAUMONT** | **CIVIL ACTION NO. 1:13-CV-02397** |
| **VERSUS** | **JUDGE TRIMBLE** |
| **CITY OF ALEXANDRIA** | **MAG. JUDGE KAREN L. HAYES** |

**MEMORANDUM RULING**

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Remand [doc. # 11] filed by Plaintiff, Patrick V. Leaumont.[1] For the reasons stated below, the Motion is **DENIED**, and the associated request for costs is also **DENIED**.

**Background**

On July 12, 2013, Plaintiff, Patrick V. Leaumont, filed suit against Defendant in the Ninth Judicial District Court, Parish of Rapides, State of Louisiana. [doc. # 1-2]. In brief, Plaintiff contends that Defendant discriminated against him based on a perceived disability. *Id.* In his state court Petition, Plaintiff alleges that the "actions by the [Defendant] are a violation of LSA-R.S. 23:322 & 323 and for[sic] 42 USC § 12101, et seq., particularly § 12114." *Id.* at 3.[2]

Defendant timely removed the case to this Court on the basis of federal question

---

[1] As this is not a motion excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this Court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

[2] LA. REV. STAT. ANN. §§ 23:322 , 23:323 and 42 U.S.C.A. §§ 12101, 12114 are hereinafter referred to as the Louisiana Employment Discrimination Law ("LEDL") and the Americans with Disabilities Act ("ADA"), respectively.

jurisdiction, contending that Plaintiff's allegation that Defendant violated the ADA gives this Court jurisdiction. [doc. # 1]. In contrast, Plaintiff now moves to remand on the basis that the Court lacks subject matter jurisdiction. [doc. # 11]. Plaintiff avers that he does not assert any federal claim. [doc. # 11-1, p. 6]. Plaintiff acknowledges that he cites the ADA in his Petition, but argues that "[t]he reason for the mention of the Federal statutes in the [P]etition are because those statutes set the standards that may be applied by the State court in interpreting Louisiana's Employment Discrimination Law." *Id.* Plaintiff asserts that the reference to the ADA was incidental. *Id.* at 5-6.

Briefing is now complete; the matter is before the Court.

### Law andAnalysis

Federal law authorizes the removal to federal court of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a). District courts have original jurisdiction in cases involving a "federal question," i.e., cases "arising under the Constitution, laws, or treaties of the United States." *Id.* § 1331. The party urging jurisdiction upon the district court bears the burden of demonstrating that the case is one which is properly before that court. *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).

The presence or absence of a federal question necessary to support removal is governed by the well-pleaded complaint rule, under which "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The well-pleaded complaint rule recognizes that the plaintiff is the "master of the claim," and a plaintiff may "avoid federal jurisdiction by exclusive

2

reliance on state law." *Id.* To emphasize, a court will only consider "the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Here, it is clear that Plaintiff expressly and affirmatively alleges a violation of the ADA, a statute that supports federal question jurisdiction. It is well-established that "[a] plaintiff who has both federal and state causes of action may choose to ignore the federal claims and pursue only the state claims in state court." *See Pan Am. Petroleum Corp. v. Superior Court*, 366 U.S. 656, 663 (1961). But with that in mind, it is manifest that Plaintiff chose not to ignore his federal claims; to reiterate, Plaintiff's state court Petition stated that the "actions by the [Defendant] are a violation of LSA-R.S. 23:322 & 323 and for 42 USC § 12101, et seq., particularly § 12114." [doc. # 1-2, p. 3]. In addition, Plaintiff's prayer for relief does not limit itself to state court remedies, but instead seeks damages, costs, and attorney fees "as provided by law." [Id. at p.4].[3] Thus, the Petition, on its face and at the time of removal, supports Defendant's assertion that this court has jurisdiction over this case.

Plaintiff's contention that he only referenced the ADA to inform the Court that the ADA sets the standards that may be applied in interpreting the LEDL is unavailing. [*See* doc. # 11, p. 6]. The Court cannot consider Plaintiff's argument because the Court can only consider the claims in the Petition as they existed at the time of removal; the Court cannot consider Plaintiff's re-characterization of his claim as put forth in his Motion to Remand. That said, the parties dispute whether the original Petition–at the time of removal–alleges a federal cause of action on

---

[3] *Cf. Wright v. La. State Univ. Health Scis. Ctr.*, 2013 WL 5332294 at *4 (W.D. La. September 23, 2013) (Where Plaintiff requested *relief* solely and specifically under state law).

its face. Therefore, the Court must determine, without reference to subsequent filings by Plaintiff, whether the Petition presents a federal question.

On this score, Plaintiff's Petition does not state in any manner that the citation to the ADA is merely for use in interpretation. Although courts have relied upon federal employment discrimination law to interpret the LEDL, it is not uncommon for plaintiffs claiming employment discrimination to allege violations of both the ADA and LEDL. *See, e.g., Id.*; *O'Bear v. Global Indus. Contractors, LLC*, 2012 WL 1802432 at *2 (M.D. La. May 16, 2012); *Antoon v. Woman's Hosp. Found.*, 2012 WL 1094715 at *3 (M.D. La. March 30, 2012). Thus, Plaintiff's Petition, on its face, in no way indicates that he was merely relying on the ADA for purposes of interpretation.

Moreover, the cases Plaintiff cites in support of his Motion to Remand are inapposite. Plaintiff cites to numerous courts that prohibited removal because the plaintiffs only incidentally referenced federal law. [doc. # 11-1, p. 5, 6]. For example, in *Wells v. City of Alexandria,* 2006 WL 1210968 at *1 (5th Cir. May 5, 2006), the plaintiff never mentioned the ADA. Likewise, in *Hicks v. Jones,* the plaintiff never mentioned any federal law whatsoever. *Hicks v. Jones*, 2010 WL 1731207 at *1 (W.D. La. Mar. 30, 2010). Here, in contrast, Plaintiff specifically alleged that the Defendant violated the ADA. [doc. # 1-2, p. 3].

Further, Plaintiff cites to *Willy v. Coastal Corp.*, 855 F.2d 1160, 1169 (5th Cir. 1988). There, the plaintiff claimed he was fired because he refused to violate certain federal statutes; the plaintiff did not allege any federal causes of action. In fact, even if the plaintiff in *Willy* had sought relief under federal law, the federal statute at issue did not provide a private cause of action. *Id.* Thus, "the district court could not have exercised jurisdiction over [plaintiff's] claim

if he had originally brought it in federal court under those provisions." *Id.* To distinguish, Congress clearly intended the ADA to provide a private cause of action. *See* 42 U.S.C. § 12188.

Indeed, as Plaintiff intimates, the case law is replete with grants of motions to remand in circumstances where the plaintiffs casually referenced federal law and elected to assert only state law claims, even when the complaints stated facts that would support an ADA claim. But this is not a case where the reference to federal law was casual, inadvertent, or vague. Unlike the cases Plaintiff cites, Plaintiff did not stop short of invoking the ADA on its face. As "master of his claim," Plaintiff made a deliberate choice to proceed under the ADA. And to underline, he cannot now disavow his federal claim in an effort to defeat removal, because the right of removal is decided by the pleadings as they exist when the petition for removal is filed.

For all of that, Plaintiff also appears to argue that because he has not exhausted his administrative remedies before filing his ADA claim, this Court does not have jurisdiction. [doc. # 11-1, p. 3]. However, Plaintiff's failure to exhaust his administrative remedies does not defeat federal question jurisdiction because "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court . . . ." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). On the other hand, Plaintiff could be arguing that his failure to exhaust evidences his intent to allege only state law claims. To the extent Plaintiff makes this argument, it is likewise unavailing because plaintiffs file unexhausted ADA claims frequently. *See, e.g., Iturralde v. Shaw Grp., Inc.*, 512 Fed. Appx. 430 (5th Cir. 2013); *Williams v. AT&T Inc.*, 356 Fed. Appx. 761 (5th Cir. 2009). Plaintiff's failure to exhaust is no more indicative of an intent to allege only state law claims than it is indicative of a failed attempt to allege an ADA claim.

5

Finally, with due consideration given to Plaintiff's averment "that this Court should exercise its discretion and remand [P]laintiff's claim under LSA-R.S. 23:322 and 323," it is manifest that this Court has supplemental jurisdiction over those claims. [*See* doc. # 11-1, p. 6]. A district court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Plaintiff's ADA and state law claims are intertwined and, thus, form part of the same case or controversy for purposes of supplemental jurisdiction.

In sum, Plaintiff made more than a nebulous reference to federal law. Plaintiff chose to allege, specifically and unambiguously, that Defendant violated the ADA, and to seek relief under all applicable law. Accordingly, removal was proper.

## Conclusion

For the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion to Remand [doc. # 11] filed by Plaintiff Patrick V. Leaumont is **DENIED**.

IT IS FURTHER ORDERED that Plaintiff's associated request for costs is **DENIED**.

THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 26th day of September 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE