RECEIVED
OCT 2 9 2013
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| PATRICK V. LEAUMONT | CIVIL ACTION NO. 13-2397 |
| VERSUS | JUDGE TRIMBLE |
| CITY OF ALEXANDRIA | MAGISTRATE JUDGE HAYES |

## MEMORANDUM ORDER

Before the court is plaintiff's appeal of the denial of his "Motion to Remand" by the magistrate judge in the above-captioned case.[1] The court has reviewed the motion, as well as the supporting and opposing briefs filed by the parties and finds the matter ripe for decision at this time.

Plaintiff's appeal asserts that this court lacks federal question jurisdiction as alleged by defendant and that the magistrate judge's denial of remand is, therefore, in error. Specifically, plaintiff asserts that he filed the instant suit in the Ninth Judicial District Court for the Parish of Rapides based on its assertion of claims arising solely under the Louisiana Employment Discrimination Law ("LEDL"), La. R.S. 23:332-33. Plaintiff asserts that his complaint references the Americans with Disabilities Act ("ADA"), "42 U.S.C. § 12101, et seq., particularly § 12114[,]" only because courts often employ federal law analysis of ADA claims to LEDL claims. After consideration of plaintiff's motion, the magistrate judge denied remand on the basis that

---

[1] R. 20.

1

plaintiff's complaint clearly alleges an ADA violation and, moreover, noted that plaintiff's prayer for relief did not limit itself to available Louisiana law remedies.[2]

Our concern with respect to this appeal is whether or not the magistrate judge's ruling denying remand constitutes clear error or is contrary to law.[3] Our analysis for purposes of remand is limited to the face of plaintiff's well-pleaded complaint, as noted by the magistrate judge.[4] Plaintiff's complaint, again, asserts "…actions by the City are a violation of LSA-R.S. 23:322 & 323 and for /sic/ 42 USC §12101, et seq., particularly § 12114."[5]

Plaintiff argues that the magistrate judge failed to consider the Fifth Circuit's ruling in MSOF Corp. v. Exxon Corp., which plaintiff alleges instructs that remand is appropriate in this case. In MSOF, the Fifth Circuit found the complaint at issue to have a single and inconsequential reference to federal regulations, which it reasoned was insufficient to confer federal question jurisdiction in that matter. The undersigned finds that the instant case does not fit within the parameters of MSOF. Specifically, as cited by the MSOF court, a plaintiff, as master of his claim, may choose not to assert a federal cause of action, though a federal claim may clearly lie and makes such choice by "exclusive reliance on state law."[6]

The face of plaintiff's complaint clearly alleges a cause of action under federal law. The undersigned does not find that the magistrate judge's determination that plaintiff's reference to the ADA was not "fleeting" or otherwise innocuous was in error. Similarly, the undersigned agrees that, though we need not consider plaintiff's recharacterization of his plainly alleged claims at this juncture, plaintiff's reference to the ADA is not phrased as one included for

---

[2] R. 19.
[3] 28 U.S.C. § 636; Castillo v. Frank, 70 F.3d 382 (5th Cir. 1995).
[4] Louisville & Nashville R.R. v. Mottley, 211 U.S. 139 (1908); Hart v. Bayer Corp., 199 F.3d 239 (5th Cir. 2000).
[5] R. 1-2 at ¶ 13.
[6] 295 F.3d at 490 quoting Caterpillar, Inc. v. Wiliams, 482 U.S. 386 (1987).

analytical purposes (which, we note, is highly irregular and improbable in the context of a complaint), but, rather, clearly alleges violation of federal law. Accordingly, the undersigned finds that plaintiff fails to demonstrate that the magistrate judge's ruling constituted clear error or was contrary to law. Plaintiff's appeal is, thus, hereby **DENIED**.

**THUS DONE AND SIGNED** in chambers at Alexandria, Louisiana this 29th day of October, 2013.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE