RECEIVED
IN ALEXANDRIA, LA.

MAR - 7 2014

TONY R. MOORE, CLERK
BY_____
        DEPUTY



UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

---

PATRICK V. LEAUMONT                               CIVIL ACTION NO. 13-2397

VERSUS                                                        JUDGE TRIMBLE

CITY OF ALEXANDRIA                         MAGISTRATE JUDGE HAYES

---

## MEMORANDUM RULING

Before the court is a motion for summary judgment filed by defendant City of Alexandria ("City") in the above-captioned case.[1]  For the reasons expressed herein below, it is the finding of the court that the City's motion should be **GRANTED** and plaintiff's claims should be **DENIED** and **DISMISSED** with prejudice.

### I.    Relevant Facts

Plaintiff, Patrick V. Leaumont, is employed by the City as a Transit Manager in the Bus Department.[2]  Plaintiff filed the above-captioned suit against the City as sole defendant alleging violations of both Louisiana and federal law arising out of events which transpired beginning on or about July 10, 2012.[3]  Plaintiff relates the facts of this case as follows.

---

[1] The City initially filed the motion as one seeking judgment on the pleadings under Fed. R. Civ. P. 12(c).  After review of the briefs, the court notified the parties that the motion was being converted to one for summary judgment pursuant to Fed. R. Civ. P. 12(d) and 56.  See R. 29.  Pursuant to the notice of conversion provided by the court, additional briefs and evidence were invited and, having received and reviewed all such supplemental argument and evidence, the court finds the matter properly before it for decision at this time.

[2] R. 1-2 at ¶ 2.

[3] Id. at ¶¶ 3, 5 – 7, 14.  Plaintiff contested the finding of the magistrate judge that he had clearly alleged a violation of federal law by citing "42 U.S.C. § 12101, et seq., particularly §12114" in his complaint, making remand inappropriate in this case.  Plaintiff sought remand to state district court on the basis that the provision at issue was only cited because of the fact that Louisiana law employment discrimination claims are often analyzed identically to those brought under the federal statute.  The court reviewed plaintiff's appeal of the magistrate judge's ruling and found no error of law or fact, retaining the suit in this court . See R. 26.

1

On or about July 10, 2012, plaintiff was informed that he would be required to undergo a random drug test that day, but forgot to report for the test due to working additional shifts to help a fellow employee who was absent from work due to the death of his father.[4]  Plaintiff contacted Elaine McGee in the City's Human Relations Department on July 11, 2012 as soon as he realized that he had forgotten to report for his drug test the prior day.  McGee stated to plaintiff that "she knew that [plaintiff]…missed the test and already made [him] another appointment…[and] to call her when [plaintiff] got back."[5]  Later that day, plaintiff was informed that he was being placed on administrative leave.[6]

Plaintiff spoke to Alainna Mire, the City's Human Resource Director, on the following day regarding the missed test and his work status.  Mire informed plaintiff that his failure to report for the test as instructed was considered a "positive" test.[7]  On or about July 12, 2012, plaintiff was issued a letter by Mire explaining that he was being removed from all safety sensitive duties because of his "refusal to test[.]"[8]  In a meeting with Mire, plaintiff disputed the allegation that he "refused to test[,]" explaining that he simply forgot.  Plaintiff complied with the conditions set forth in Mire's letter by submitting to substance abuse evaluation and taking and passing a return to work drug test on July 27, 2012.[9]

Plaintiff's suit alleges that the actions of the City violated La. R.S. 23:322 and 323, as well as 42 U.S.C. § 12101, et seq., particularly § 12114.  Plaintiff seeks damages for the economic value of the sick leave he was forced to use while complying with substance abuse evaluation

---

[4] R. 1-2 at ¶¶ 4-5.
[5] Declaration of Patrick V. Leaumont [R. 31-2] at ¶7.
[6] R. 31-2 at ¶ 9.
[7] Id. at ¶ 10.
[8] Id. at ¶ 10; R. 1-2 at ¶ 7; Copy of letter from Mire at R. 31-2 at p. 7 of 11.
[9] Id. at ¶ 11; R. 8.

and for the cost of the evaluation and testing, which he was forced to pay by the City. Additionally, plaintiff seeks damages for inconvenience, time, mental anguish, anxiety, humiliation and embarrassment, as well as reasonable attorney fees and costs. Finally, plaintiff seeks an injunction from this court directing the City to expunge any reference to plaintiff's missed drug test from any and all of plaintiff's personnel records.[10]

## II.      Applicable Standard

Fed. R. Civ. P. 56(a) provides that summary judgment shall be granted when the movant shows the absence of any genuine dispute as to any material fact and, for that reason, shows that he is entitled to judgment as a matter of law. The movant must demonstrate the absence of any genuine dispute as to any material fact by citing to particular parts of materials in the record, including depositions, documents and affidavits. The movant may demonstrate entitlement to judgment as a matter of law by pointing out the nonmoving party's inability to produce evidence which, when taken as true for the purposes of the motion, would provide a legally sufficient basis upon which a reasonable jury might base a judgment in the nonmoving party's favor.

Once a motion for summary judgment is made and properly supported, the burden shifts to the nonmoving party to come forward with evidence which demonstrates the essential elements of his claims. In so doing, the nomoving party establishes the existence of a genuine issue of material fact for trial. The nonmoving party must show that the evidence, when viewed in the light most favorable to him, is sufficient to enable a reasonable jury to render a verdict in his favor. A party whose claims are challenged by a motion for summary judgment

---

[10] R. 1-2 at ¶¶ 14-16.

may not rest on the allegations of the complaint and must articulate specific factual allegations which meet his burden of proof.

If the nonmoving party meets his burden of proof, summary judgment is inappropriate and the claims must be preserved for further proceedings.  If, on the other hand, the nonmoving party does not meet his burden, the court must grant summary judgment in recognition of the implausibility of the claims at issue.

All evidence submitted to the court in support of or in opposition to a motion for summary judgment must be of the sort which would be admissible at the trial of the matter. "Metaphysical doubt" as to the existence of a genuine issue for trial is insufficient, as are "unsubstantiated assertions" and "conclusory allegations[.]"   The court will construe all evidence in the light most favorable to the nonmoving party, but will not infer the existence of evidence not presented.

III.    Analysis

***Plaintiff's claim under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.***

The Americans with Disabilities Act ("ADA") prohibits covered employers from discriminating against a qualified individual on the basis of that individual's disability.[11]  The ADA incorporates, by reference, the procedures applicable to actions under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.[12]  Title VII, at 42 U.S.C. § 2000e-5(e)(1), requires that a plaintiff must file a timely charge with the Equal Employment Opportunity Commission ("EEOC") or, alternatively, with a state or local agency with authority to provide relief from the alleged discriminatory employment practice.  While the timely filing of a charge with the

---

[11] 42 U.S.C. § 12112(a).

[12] 42 U.S.C. § 12117(a).

appropriate local, state or federal agency is not a jurisdictional prerequisite, it is a "precondition to filing suit in federal court."[13]

In this case, the City points out plaintiff's admission that he never filed a charge of disability discrimination with the EEOC and seeks dismissal of plaintiff's ADA claim on that basis.[14] As alleged by the City, plaintiff does not deny that he failed to file a charge of discrimination with the EEOC, but argues, instead, that it was never his intention to assert a claim under the ADA and, therefore, no EEOC claim was required of him.[15]

Plaintiff's argument on this issue is part of a larger issue which has already been addressed by the court.  Plaintiff filed this suit in the 9th Judicial District Court for the Parish of Rapides, State of Louisiana and it was timely removed by the City on the basis that it asserted violation of the ADA, placing the matter within the original jurisdiction of this federal court.[16] Shortly after removing plaintiff's suit to this court, the City filed a motion for judgment on the pleadings, now converted to the instant motion for summary judgment.[17] In response to the City's motion, plaintiff filed a motion to remand, which was denied by U.S. Magistrate Judge Karen Hayes.[18] Plaintiff appealed the magistrate judge's ruling and, finding no error of law or fact in such ruling, the undersigned affirmed its denial of remand, retaining the suit for further proceedings.[19]

In affirming the magistrate judge's denial of plaintiff's motion for remand, the undersigned expressly found that plaintiff asserted a violation of the ADA, rejecting plaintiff's

---

[13] Taylor v. Books A Million, Inc., 296 F.3d 376, 379 (5th Cir. 2002) internal citations omitted.
[14] R. 3-1 at p. 3.
[15] R. 27 at p. 2.
[16] R. 1 at p. 1.
[17] R. 3.
[18] R. 19.
[19] R. 26.

argument of inadvertence.[20] As such, the matter of whether or not an ADA claim is presented

to this court is settled and plaintiff's argument against the requirement of a charge of

discrimination prior to suit is unavailing. Plaintiff shows no filing of any charge of discrimination

with any local, state or federal agency from which relief may be had and, therefore, he has not

met the precondition for filing an ADA claim before this court. Accordingly, dismissal is

appropriate. Moreover, 42 U.S.C. § 2000e-5 provides that any such charge must be made

within 180 days of the alleged discriminatory act unless the aggrieved party has instituted

proceedings with a state or local agency from which relief may be obtained, in which case the

EEOC charge may be filed within 300 days of the alleged act.

    The events alleged in plaintiff's complaint occurred between July 10, 2012 and August 5,

2012, making plaintiff's EEOC charge due to have been filed on or before February 1, 2013

under the 180-day requirement or, alternatively, on or before June 1, 2013 under the 300-day

requirement applicable when plaintiff has instituted proceedings with a state or local agency.

Given that plaintiff asserts no filing of any charge with any agency whatsoever and the delays

for any such filing are now expired, the court finds that the dismissal of plaintiff's ADA claim

should be with prejudice to any refiling as such claim is time-barred.

    While the court's analysis of plaintiff's ADA claim could end there, we adhere to the

Fifth Circuit's preference for courts to express all bases upon which a finding may rest and,

accordingly, we continue. Were plaintiff's ADA claim not subject to dismissal for failure to file a

charge of discrimination with the EEOC, the court would still find dismissal appropriate for

substantive reasons as explained below.

_____

[20] Id. at pp. 2-3.

In order to prevail on a discrimination claim under the ADA, plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) he is qualified and able to perform the essential functions of his job; and (3) his employer's adverse employment action was based on his disability.[21]  The ADA defines disability as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such impairment; or (C) being regarded as having such an impairment."[22]

Plaintiff asserts that his ADA claim is based on "regarded as disabled" theory in that, although he was not a drug addict, the City regarded him as having failed the drug test because of illegal drug use.[23]  Plaintiff further asserts that the City considered his disability to substantially limit his ability to perform the safety sensitive duties of his job.[24]

The City denies that it perceived him as being disabled or substantially limited in his ability to perform any of his duties and argues, instead, that its decision to suspend plaintiff from safety sensitive duties and undergo substance abuse evaluation was dictated by applicable United States Department of Transportation regulations.[25]  Specifically, the City cites 49 C.F.R. § 655.49(b), which instructs that "[w]hen an employee refuses to submit to a drug or alcohol test, the employer shall follow the procedures outlined in 49 C.F.R. Part 40."  The City further cites 49 C.F.R. § 305, which instructs that it could not return plaintiff to safety-sensitive

---

[21] Kemp v. Holder, 610 F.3d 231, 235  (5th Cir. 2010) citing Talk v. Delta Airlines, Inc., 165 F.3d 1021, 1024 (5th Cir. 1999).
[22] 42 U.S.C. §12102(1).
[23] R. 27 at p. 2; R. 31 at p. 1.
[24] R. 27 at p. 4; R. 31 at p. 1.
[25] R. 28 at p. 3.

duties until he had completed substance abuse assessment <u>and</u> produced a negative return-to-duty drug or alcohol test.[26]

Plaintiff argues against the applicability of these regulations, asserting that plaintiff did not "refuse" to test, but merely "missed" the test inadvertently.[27]  In response, the City cites 49 C.F.R. § 40.191(a)(1), which provides that

> [a]s an employee, you have refused to take a drug test if you: (1) Fail to appear for any test...within a reasonable time, as determined by the employer, consistent with applicable DOT agency regulations, after being directed to do so by the employer...

Plaintiff next argues that, because he reported for his test the very next day (July 11, 2012) and gave a negative test specimen, he appeared for the test "within a reasonable time" and should not have been deemed to have refused the test.[28]  The City points out that its own "Substance Abuse Policies and Procedures" clearly instructs that "[a]n employee who has been notified that he or she has been selected for testing shall be required to report immediately to the collection site."[29]  The City further points out plaintiff's admission that, upon learning he had been summoned for drug testing, he did not immediately report to the collection site.

While this court takes a dim view of the use of the term "immediately" as a time frame when employees are, elsewhere in the applicable policy, instructed that a refusal to test results from an employee "not reporting to the collection site in the time allotted[,]" the facts of this case present a circumstance in which no strained interpretation of the term "immediately" is

---

[26] Emphasis added.
[27] R. 31 at p. 2.
[28] <u>Id.</u> at p. 2-3.
[29] R. 32-3 at p. 2 of 3 citing R. 3-3 at p. 19 and affidavit of Mire [R. 30-1, Exhibit C].

necessary.[30]  As argued by the City, plaintiff's own narrative of his actions on July 10, 2012

describes no effort on plaintiff's part to comply with the policy.   On the contrary, plaintiff

admits that he was informed by Ms. Kelly, the Bus Department Planner/Supervisor, that he and

another employee had been selected for drug testing and, at that time, expressed his intent to

report for his test "when we finished counting the money."[31]  Plaintiff attests that he then

forgot about the test and went about his business until the next day, when he realized he had

not reported for his test.

   This court construes plaintiff's assertions of fact, uncontested by the City, as true for

purposes of this motion and, thus, we construe as true plaintiff's assertion that he did not

intend to miss his drug test and merely forgot.  We find, however, that the facts as alleged by

plaintiff clearly constitute a refusal to test within the meaning of both applicable federal

regulations and City policy, as no reasonable fact-finder could deem plaintiff's next-day

appearance at the collection site as "immediate."

   To the extent that plaintiff asserts that the City's policy of requiring "immediate"

reporting for drug testing is an unconstitutional application of the "within a reasonable time"

requirement found in 49 C.F.R. § 40.191(a)(1), we agree with the City that such claim is time-

barred under Louisiana's one-year liberative prescriptive period for torts, applicable to claims

under 42 U.S.C. §1983.[32]

   Thus, we find that the argument and evidence before us would clearly support a finding

that plaintiff "refused to test" within the meaning of applicable federal regulations if it were

---

[30] R. 3-3 at p. 14.

[31] Declaration of Patrick V. Laumont [R. 31-2 ] at ¶ 5.

[32] Drury v. U.S. Army Corps. of Engineers, 359 F.3d 366, 367 (5th Cir. 2004) citing Braden v. Texas A&M Univ. Sys., 636 F.2d 90 (5th Cir. 1981).

before us after fulfillment of the EEOC charge prerequisite.  Accordingly, the court would find

that plaintiff was not "regarded as disabled" by the City, who was bound to adhere to federal

regulations, refuting plaintiff's allegation that the City based its decision to suspend plaintiff

from his duties based on its perception of him as a drug addict.

Similarly, plaintiff's refusal to test would also prevent plaintiff from establishing the

second element of a "regarded as disabled" ADA claim, in that such refusal made him

unqualified to perform the essential duties of his job under 49 C.F.R. § 40.305, which does not

permit the City to reinstate an employee who refuses to test to his safety-sensitive duties until

the employee successfully completes substance abuse assessment and, if prescribed,

treatment, and achieves a negative return-to-work drug or alcohol test.

### Plaintiff's claim under the Louisiana Employment Discrimination Act ("LEDA"), La. R.S. 23:301, et seq.

La. R.S. 23:323(A) provides that "[n]o otherwise qualified disabled person shall, on the

basis of a disability, be subjected to discrimination in employment."

The City's motion asserts that plaintiff's claim under LEDA is for injunctive relief

requiring the City to expunge any reference to plaintiff's refusal to test from his employment

records.[33]  Plaintiff does not address this contention in his various briefs.

To the extent that plaintiff's LEDA claim seeks only injunctive relief, the court agrees

with the City that applicable federal regulations at 49 C.F.R. § 40.333(a) require that the City

retain the records of plaintiff's refusal to test for a period of five (5) years and that this federal

---

[33] R. 28 at pp. 3-5.

provision pre-empts any contrary Louisiana law.[34]   Accordingly, plaintiff's claim for injunctive relief under the LEDA will be dismissed with prejudice.

To the extent that plaintiff seeks other relief under the LEDA, the court notes that LEDA claims are analyzed under the same framework as federal ADA claims, warranting the same result.[35]

La. R.S. 23:303(C) requires that a

> plaintiff who believes he…has been discriminated against, and who intends to pursue court action shall give the person who has allegedly discriminated written notice of this fact at least thirty days before initiating court action, shall detail the alleged discrimination, and both parties shall make a good faith effort to resolve the dispute prior to initiating court action.

The City's motion clearly seeks dismissal of all claims against it in this suit, as well as attorney fees for the defense of a suit it deems frivolous.  As such, it is incumbent upon the plaintiff to respond to the motion in defense of all claims which it wishes to preserve for trial.[36] Plaintiff makes no showing before this court that he has met the written notice requirements applicable to claims under the LEDA cited above and, thus, we find dismissal of any other claims under the LEDA appropriate based on the record before us.  We note, however, that such dismissal will be without prejudice out of an abundance of caution due to the vague nature of the arguments concerning plaintiff's presumptive LEDA claim.

---

[34] 49 C.F.R. § 655.6(a).

[35] Labit v. Azko-Nobel Fault, Inc., 209 F.3d 719, n. 1 (5th Cir. 2000).

[36] Rizzo v. Children's World Learning Centers, Inc., 84 F.3d 758, 762 (5th Cir. 1996) quoting Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir. 1992), cert. denied, 506 U.S. 825 (1992).

*Defendant's claim for reasonable attorney fees under 42 U.S.C. § 2000e-5(k)*

The City, as the prevailing party under 42 U.S.C. § 2000e-5(k), seeks an award of reasonable attorney fees in this case under the theory that the instant suit is "vexatious, frivolous, or otherwise without merit."[37] The court finds that the claims presented by plaintiff in this case were potentially meritorious and required the serious consideration of this court. As such, we do not categorize plaintiff's suit as frivolous and find no evidence that it was brought vexatiously. Accordingly, the City's claim for attorney fees in this matter will be denied.

### IV. Conclusion

After careful review of the arguments and evidence before us, the court finds that plaintiff fails to carry his burden of proof as to his ADA "regarded as disabled" claim and his LEDA claim for injunctive relief, warranting dismissal with prejudice as to both claims. Although we similarly find dismissal appropriate as to any further LEDA claims by plaintiff based on plaintiff's failure to present evidence of his compliance with La. R.S. 23:303(C) in this matter, we find that such dismissal should be without prejudice out of an abundance of caution.

The court will issue a judgment in conformity with these findings.

Alexandria, Louisiana
March 7 , 2014

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[37] R. 3-1 at p. 8 quoting <u>Dean v. Riser</u>, 240 F.3d 505, 508 (5th Cir. 2001).

12